IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
------------------------------------------------
ANGELA PALUMBO                          :        19      5026
90 First Ave., Unit B                   :    CIVIL NO. ___ ___ _ ___ ___
Broomall, PA 19008                      :
                                        :    JURY TRIAL DEMANDED
                 Plaintiff,             :
                                        :
             v.                         :
                                        :
PORCINI INC. d/b/a PORCINI              :
2048 Sansom Street                      :
Philadelphia, PA 19103; AND             :
                                        :
DAVID SANSONE d/b/a PORCINI             :
2048 Sansom Street                      :
Philadelphia, PA 19103                  :
                                        :
                 Defendants.            :
------------------------------------------------
```

## COMPLAINT – CIVIL ACTION

Plaintiff, Angela Palumbo ("Plaintiff"), by and through her undersigned attorney, for her

Complaint against Porcini Inc. d/b/a PORCINI ("Defendant PORCINI") and Defendant David

Sansone d/b/a PORCINI ("Defendant Sansone") (collectively, "Defendants"), alleges as follows:

### INTRODUCTION

1.      Plaintiff brings this action contending that Defendants have violated her rights

under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Pennsylvania

Minimum Wage Act ("PMWA"), 43 P.S. 333.100, *et seq.*, and the Philadelphia Gratuity

Protection Bill ("GBP"), Philadelphia Code § 9-614, by failing to pay her at a rate not less than

the minimum wage for all hours worked and by unlawfully retaining Plaintiff's tips and/or

maintaining an unlawful tip pool.

## PARTIES

2.      Plaintiff Angela Palumbo is a citizen of the United States, and currently maintains a residence at 90 First Ave, Unit B, Broomall, PA, 19008.

3.      Upon information and belief, Porcini Inc. d/b/a PORCINI is a business corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a headquarters and principal place of business at 2048 Sansom Street, Philadelphia, PA 19103.

4.      Upon information and belief, Defendant David Sanson d/b/a PORCINI is a citizen of the United States and Pennsylvania.  Upon information and belief, Defendant Sansone is a founder, principal, and owner of Defendant Porcini Inc. d/b/a PORCINI and a founder, owner, and operator of PORCINI, a restaurant business located at 2048 Sansom Street, Philadelphia, PA 19103.

5.      Upon information and belief, Defendant Sansone maintains, and/or at all times relevant to the allegations contained herein, maintained operational control over the business locations owned and operated by Defendant Porcini Inc. d/b/a PORCINI, exercising control, both directly and indirectly, over the terms and conditions of employment, work schedules, payroll, and compliance with federal, state, and local wage and hour laws, of the employees of Defendant Porcini Inc. d/b/a PORCINI, including, but not limited to, Plaintiff.

6.      Upon information and belief, Defendant Sansone was an "employer" of Plaintiff for purposes of the FLSA and PMWA because he had operational control over significant aspects of PORCINI's day-to-day functions, such as workplace conditions, personnel status changes, and compensation, during the time period giving rise to this action, was ultimately responsible for ensuring PORCINI's compliance with the FLSA, PMWA, and the GPB, and was

2

directly involved with the decision-making process with respect to Plaintiff's hiring, management, and compensation.

7.      Defendants are "private employers" and covered by the FLSA.

8.      Plaintiff was employed by Defendants during all relevant times hereto and, as such, is an employee entitled to the FLSA's protections. See 29 U.S.C. § 203(e).

9.      During the course of her employment with Defendants, Plaintiff was engaged in commerce within the meaning of the FLSA in that she performed work involving goods purchased and/or ordered from locations outside of Pennsylvania.

10.     At all times relevant hereto, Defendants acted or failed to act through their agents, servants, and/or employees thereto existing, each of whom acted at all times relevant thereto in the course and scope of their employment with and for Defendants.

## JURISDICTION AND VENUE

11.     This court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

12.     This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

13.     This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as her FLSA claims.

14.     The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the Defendants reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

3

## FACTUAL ALLEGATIONS

15.     Paragraphs 1 through 14 are hereby incorporated by reference as though the same were fully set forth at length herein.

16.     Plaintiff first began her employment with Defendants on or around September 1, 2016, when she was hired as a Server.

17.     At all times material hereto, Plaintiff worked at PORCINI, Defendants' restaurant located at 2048 Sansom Street, Philadelphia, PA 19103.

18.     Throughout her employment, Plaintiff performed her job well, receiving positive feedback and no discipline.

19.     In her capacity as Server, Plaintiff was responsible for taking customers' food and drink orders, serving food and drinks to customers, and otherwise waiting on customers at the restaurant's tables.

20.     Plaintiff was employed by Defendants as a Server at PORCINI from approximately September 2016 until on or around September 7, 2019.

21.     Plaintiff typically worked two (2) to three (3) days per week, averaging approximately twenty (20) hours per week.

22.     Plaintiff was classified as a "non-exempt" employee within the meaning of the FLSA and PMWA.

23.     During the course of her employment, Defendants did not pay Plaintiff an hourly wage (or, indeed, any other regular wage) for her hours worked.

24.     Instead, Plaintiff was compensated solely on the basis of the tips she earned from the restaurant's patrons.

4

25.     In this regard, Defendants failed to pay Plaintiff the required hourly cash wage for tipped employees of $2.13 under the FLSA and/or $2.83 under the PMWA.

26.     Moreover, rather than allow Plaintiff to retain all the tips she earned, Defendants maintained an unlawful policy and practice of retaining a significant portion of the tips earned by Plaintiff and other Servers.

27.     In this regard, PORCINI's owner, Defendant Sansone, routinely retained for himself and/or the business a portion of Plaintiff's tips, determining in his sole discretion the amount he would retain for himself.

28.     On numerous occasions, Defendant Sansone retained a significant portion of the tips earned by Plaintiff and her coworkers, sometimes amounting to little less than an equal share.

29.     As the owner and operator of the restaurant, and a member of management, Defendant Sansone was prohibited from retaining any portion of Plaintiff's tips. See 29 U.S.C. § 203(m)(2)(B).

30.     Defendants unlawfully required their Servers, including Plaintiff, to share a significant portion of their tips with Defendant Sansone, who is not an employee of the restaurant, and thus not an "employee" who customarily and regularly receives tips within the meaning of the FLSA/PMWA.

31.     Because Defendants failed to pay Plaintiff the minimum cash wage required under the FLSA and PMWA, Defendants were not entitled to take a "tip credit" to satisfy their obligations to pay minimum wages to Plaintiff under the FLSA and PMWA.

32.     Moreover, due to the unlawful tip retention practices described above, Defendants would not be entitled to take a "tip credit" to satisfy their obligations to pay minimum wages under the FLSA and PMWA even if they had paid Plaintiff the required minimum cash wage.

33.     Plaintiff was compensated on a tips-only basis, and, as such, did not qualify for any of the exemptions under the FLSA/PMWA which require payment on a salary or fee basis, including, but not limited to, the exemptions for executive, administrative, or professional employees.

34.     Rather, Plaintiff was a non-exempt employee of Defendants.

35.     As a result, Plaintiff is owed the full minimum wage (i.e. $7.25 per hour) for all hours she worked for Defendants.

36.     Additionally, Plaintiff is owed the full amount of tips unlawfully retained by Defendants in violation of the FLSA, PMWA, and GPB.

37.     Defendants failed to post, or otherwise notify their employees of a summary of the Fair Labor Standards Act and its regulations in a conspicuous place in its place(s) of business that Plaintiff regularly reported to in violation of the FLSA and its implementing regulations. See 29 C.F.R. § 516.4.

38.     The above-referenced behavior evidences the willfulness of Defendants' violations of the FLSA and PMWA.

39.     In violation of the FLSA and PMWA, Defendants unlawfully failed to track, record, and report all the hours worked by Plaintiff.

40.     As a result of Defendants' aforesaid illegal actions, Plaintiff has suffered damages.

6

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C § 201, *et seq.*
## FAILURE TO PAY MINIMUM WAGES & UNLAWFUL RETENTION OF TIPS

41.     Paragraphs 1 through 40 are hereby incorporated by reference as though the same were fully set forth at length herein.

42.     Pursuant to Section 206(b) of the FLSA, all employees must be compensated at a rate not less than the minimum wage for every hour worked in a workweek.

43.     Due to Defendants' failure to pay Plaintiff the minimum cash wage required under the FLSA, as well as Defendants' unlawful tip retention practices, Defendant was required to pay Plaintiff no less than the minimum wage for all hours worked.

44.     Defendants failed to pay Plaintiff at a rate not less than the minimum wage for all hours worked.

45.     By requiring Plaintiff to share her tips with the restaurant's ownership and/or other individuals who did not qualify as an "employee" who "customarily and regularly receives tips," see 29 U.S.C. § 203(m), Defendants forfeited their right to utilize any portion of the tips earned by Plaintiff to satisfy their minimum wage obligations, and owe Plaintiff back wages not less than the amount of the tips unlawfully retained.

46.     The foregoing actions of Defendants and the policies and practices of Defendants violate the FLSA.

47.     Defendants' actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

48.     Defendants are liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. 216(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, as a result of the unlawful conduct of the Defendants, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants and grant the maximum relief allowed by law, including, but not limited to:

A.    Adjudicating and declaring that Defendants violated the FLSA by failing to pay compensation to Plaintiff for compensable hours worked;

B.    Awarding Plaintiff back pay wages (including, but not limited to minimum wages and reimbursements for unlawfully retained gratuities) in an amount consistent with the FLSA;

C.    Awarding Plaintiff liquidated damages in accordance with the FLSA;

D.    Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

E.    Awarding pre- and post-judgment interest and court costs as further allowed by law;

F.    Such other and further relief as is just and equitable under the circumstances.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
### 43 P.S. § 333, *et seq.*
### FAILURE TO PAY MINIMUM WAGE

49.    Paragraphs 1 through 48 are hereby incorporated by reference as though the same were fully set forth at length herein.

50.    The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

51.    By its actions alleged above, Defendants have violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay compensation for all hours worked by Plaintiff, and by improperly retaining tips earned by Plaintiff.

8

52. As a result of Defendants' unlawful acts, Plaintiff has been deprived of compensation in an amount to be determined at trial, and is entitled to recovery of such amount, together with interest, costs and attorney's fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, as a result of the unlawful conduct of the Defendants, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants and grant the maximum relief allowed by law, including, but not limited to:

A. An award to Plaintiff for the amount of unpaid compensation to which she is entitled, including interest thereon, and penalties subject to proof;

B. An award to Plaintiff of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

C. An award to Plaintiff for any other damages available to her under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

**COUNT III**
**PHILADELPHIA GRATUITY PROTECTION BILL**
***Philadelphia Code § 9-614***
**UNLAWFUL RETENTION OF TIPS**

72. Paragraphs 1 through 71 are hereby incorporated by reference as though the same were full set forth at length herein.

73. Defendant is an employer covered by the GPB's mandates.

74. As set forth in the GPB, "Every gratuity shall be the sole property of the employee or employees to who it was paid, give or left for, and shall be paid over in full to such employee or employees." See Phila. Code § 9-614(2)(a).

9

75.     Under the GPB, gratuities are only able to be "pooled and distributed among all **employees** who directly provide services to patrons." See Phila. Code § 9-614(2)(c) (emphasis supplied).

76.     Defendants have violated the GPB by requiring Plaintiff to forfeit a portion of her tips to Defendants' management and/or ownership, including, but not limited to David Sansone.

**WHEREFORE**, as a result of the unlawful conduct of the Defendants, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants and grant the maximum relief allowed by law, including, but not limited to:

A.     An award to Plaintiff for the amount of unpaid compensation to which she is entitled, including interest thereon, and penalties subject to proof;

B.     Exemplary damages to the fullest extent permitted under the GPB;

C.     An award to Plaintiff of reasonable attorneys' fees and costs; and

D.     An award to Plaintiff for any other damages available to her under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:     _Michael Groh_____

Michael Groh, Esq.
Michael Murphy, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL.: 267-273-1054

10

FAX: 215-525-0210
mgroh@phillyemploymentlawyer.com
murphy@phillyemploymentlawyer.com
*Attorneys for Plaintiff*

Dated: October 25, 2019

## **DEMAND TO PRESERVE EVIDENCE**

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.