**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---------------------------------------------------------------

| | | |
|---|---|---|
| ANGELA PALUMBO | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO.: 19-5026 |
| v. | : | |
| | : | |
| PORCINI INC. d/b/a PORCINI, *et al.* | : | |
| | : | |
| Defendants. | : | |

---------------------------------------------------------------

**MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFF'S**
**UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT**

On October 25, 2019, Plaintiff Angela Palumbo ("Plaintiff") filed this lawsuit against

Defendant Porcini Inc. d/b/a PORCINI and Defendant David Sansone d/b/a PORCINI

("Defendants") (together, the "Parties"), alleging violations of the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 201, *et seq.*, Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §

333.101, *et seq.*, and the Philadelphia Gratuity Protection Bill ("GBP"), Philadelphia Code § 9-

614.  In her Complaint, Plaintiff alleged, *inter alia,* that Defendants failed to pay her the required

hourly cash wage for tipped employees under the FLSA and PMWA, and unlawfully retained

tips in violation of the same, entitling her to the payment of minimum wages and disgorgement

of unpaid tips under the FLSA, PMWA, and GBP.  Subsequent to the filing of Plaintiff's

Complaint, the Parties engaged in extensive, arms-length settlement discussions, through which

the Parties ultimately reached the proposed settlement of Plaintiff's claims against Defendants

described herein.[1]

---

[1] During the course of these negotiations, Plaintiff raised the prospect of additional common law and/or statutory claims against Employer unrelated to the wage and hour claims alleged in the Complaint.  Accordingly, and as detailed below, the proposed Settlement Agreement not only releases Plaintiff's claims under FLSA, but includes general releases of claims by both Parties.

Because the proposed settlement involves a resolution of Plaintiff's minimum wage and tip disgorgement claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, Plaintiff respectfully submits this Memorandum of Law in support of Plaintiff's Unopposed Motion for Approval of Settlement.  A true and correct copy of the Settlement Agreement has been attached hereto as Exhibit "A."

Although the Third Circuit has yet to address the question of whether wage claims under the FLSA may be settled without court approval, "district courts within the Circuit have followed the approached endorsed by a majority of courts and assumed that judicial approval is necessary."  See Lyons v. Gerhad's, Inc., 2015 U.S. Dist. LEXIS 92348, at *6 n.1 (E.D. Pa. July 15, 2015); see also Gabrielyan v. S.O. Rose Apartments, LLC, 2015 U.S. Dist. LEXIS 135615, at *2-4 (D.N.J. Oct. 5, 2015).  When considering whether to approve a proposed settlement of an FLSA wage claim, a district court must determine that: (1) the settlement resolves a bona fide dispute over FLSA provisions; (2) the settlement is fair and reasonable to the Plaintiff-employee; and (3) the settlement does not frustrate implementation of the FLSA in the workplace.  See Gabrielyan, 2015 U.S. Dist. LEXIS 135615, at *4-5; see also Lyons, 2015 U.S. Dist. LEXIS 92348, at *8; Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982).

As discussed below, the proposed Settlement Agreement clearly satisfies these requirements and, as such, the Court should approve the parties' Settlement Agreement.

### A.       The Settlement Resolves a Bona Fide Dispute under the FLSA

When considering whether a proposed settlement agreement resolves a bona fide dispute under the FLSA, district courts look to see whether the agreement "'reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute' and is not a 'mere waiver of statutory rights brought about by an employer's

overreaching.'"  See McGee v. Ann's Choice, Inc., 2014 U.S. Dist. LEXIS 75840, at *4-5 (E.D. Pa. June 4, 2014) (citing Lynn's Food Stores, 679 F.2d at 1355).  In order to make this determination, the court must be provided with "a description of 'the nature of the dispute (for example, a disagreement over coverage, exemption, or computation of hours worked or rate of pay) resolved by the compromise.'"  See Brumley v. Camin Cargo Control, Inc., 2012 U.S. Dist. LEXIS 40599, at *18 (D.N.J. 2012) (citing Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)).

As evidenced by the pleadings, this lawsuit involves a bona fide dispute regarding both liability and damages under the Fair Labor Standards Act, including, but not limited to: (a) whether or not Defendant Sansone was permitted to retain tips when servicing the restaurant's patrons; (b) whether any unlawful actions by Defendants were "willful" in nature, thus allowing for a three (3) year statute of limitations under the FLSA; (c) Plaintiff's entitlement to liquidated damages on any amounts owed to her under the FLSA; (d) the number of days and hours worked by Plaintiff; and (e) the amount of tips retained by Defendants.  See Compl., ¶¶ 26-31, 38, and 47.  In addition to disputing the basis for applying a three (3) year statute of limitations and Plaintiff's entitlement to liquidated damages on any amounts owed, Defendants have denied that Defendant Sansone was prohibited from receiving customer tips, and dispute the amount of hours worked by Plaintiff, as well as the amount in tips she would be entitled to recover if she were successful in proving that Defendants' actions violated the FLSA.  See Exhibit A at 1-2.

Accordingly, the proposed Settlement Agreement in this matter clearly resolves a bona fide dispute over FLSA provisions.  See Gabrielyan, 2015 U.S. Dist. LEXIS 135615, at *4-5.

**B.**    **The Settlement Is Fair and Reasonable to the Plaintiff-Employee**

With respect to the second factor, under the proposed Settlement Agreement, in the estimate of Plaintiff's counsel, Plaintiff stands to receive, ***even after attorneys' fees and costs,*** a settlement equivalent to approximately one hundred percent (100%) of the unpaid minimum wages and tips which she could reasonably expect to prove at trial, along with approximately fifty-five (55%) in liquidated damages.[2]  This result is considerable in light of the risks Plaintiff faced in establishing liability and damages in this case.  While Plaintiff's counsel believes Plaintiff's claims to be meritorious, Plaintiff's counsel is experienced and realistic, and understands the risks involved with establishing the amount of hours worked and tips earned by Plaintiff in the absence of accurate recordkeeping, as well as the applicability of a three (3) year statute of limitations under the FLSA.

Moreover, even if Plaintiff's recovery under the Settlement Agreement were to amount to less than her maximum possible recovery under the FLSA, '[i]t is well-settled law that a cash settlement amounting to only a fraction of the potential recovery will not per se render the settlement inadequate or unfair." Officers for Justice v. Civil Service Comm'n, 688 F.2d 615, 628 (9th Cir. 1982), cert. denied, 459 U.S. 1217 (1983); see also City of Detroit v. Grinnell Corp., 495 F.2d 448, 455 n.2 (2d Cir. 1974) ("there is no reason at least in theory, why a satisfactory settlement could not amount to a hundredth or even a thousandth part of a single

---

[2] This estimate assumes the standard two (2) year statute of limitations under the FLSA.  In this regard, Plaintiff estimates that, were she successful in proving that Defendants' pay practices were unlawful, and that she worked approximately twelve (12) hours per week during the approximately ninety seven (97) week "look-back" period applicable to her claims (i.e. from October 25, 2017 until her date of separation on or around September 7, 2019), she would have been entitled to minimum wages in the amount of approximately $8,439.00 (1,164 hours X $7.25), in addition to approximately $750 in unlawfully retained tips.  If one assumes the applicability of the three (3) year statute of limitations applicable to "willful" violations under the FLSA, Plaintiff's total recovery under the Settlement Agreement (after attorneys' fees and costs) equates to approximately one hundred percent (100%) of the unpaid minimum wages and tips she could reasonably expect to prove at trial (i.e. $12,963.00 in minimum wages and $750 in tips), along with approximately four percent (4%) in liquidated damages.

4

percent of the potential recovery."); <u>Lazy Oil Co.</u>, 95 F. Supp. 2d at 318 (settling defendant's ability to pay greater amounts was outweighed by the risk that the plaintiffs would not be able to achieve any greater recovery at trial).

Furthermore, the attorneys' fees and costs which Plaintiff's counsel stands to receive under the proposed Settlement Agreement – which amount to approximately thirty-seven percent (37%) of the total Settlement Amount – are fair, reasonable, and consistent with the contingent fee agreement entered into by Plaintiff at the onset of this litigation, which provided for the reimbursement of costs advanced by Plaintiff's counsel.  Moreover, a Lodestar cross-check reveals the reasonableness of the award of fees to Plaintiff's counsel.  In this regard, the Lodestar in this case is $7,005.30.  <u>See</u> Declaration of Michael Groh, attached hereto as Exhibit "B."  The Lodestar was calculated by multiplying the total number of hours counsel worked on this matter (i.e. 24.58) by the following reasonable rate:

| Name | Title | Total Hours | Hourly Rate | Total Fees |
|------|-------|-------------|-------------|------------|
| Michael Groh, Esq. | Associate Attorney | 24.58 | $285.00 | $7,005.30 |
| **FIRM TOTALS** | | **24.58** | | **$7,005.30** |

The multiplier in this case (i.e. Lodestar cross-check), taking into account all hours expended by Plaintiff's counsel in the litigation, is therefore **1.18** ($8,281.74/$7,005.30 = 1.182). This amount is clearly consistent with the award of attorneys' fees in FLSA common fund cases in the Third Circuit.  <u>See</u> <u>Mabry v. Hildebrandt</u>, 2015 U.S. Dist. LEXIS 112137, at *9 (E.D. Pa. Aug. 24, 2015) ("In this Circuit, the percentage of recovery award in FLSA common fund cases ranges from roughly 20-45%.") (collecting cases); <u>see also</u> <u>Krell v. Prudential Ins. Co. of Am.(in Re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions)</u>, 148 F.3d 283, 341 (3d Cir. 1998) ("[M]ultiples ranging from one to four are frequently awarded in common fund cases

when the lodestar method is applied.") (quoting 3 Herbert Newberg & Alba Conte, Newberg on

Class Actions, § 14.03, at 14-15 (3d ed. 1992)).

     Accordingly, the Settlement is clearly fair and reasonable to the Plaintiff.

**C.**      <u>The Agreement Does Not Frustrate the Implementation of the FLSA in the Workplace</u>

     Finally, the Court should approve the Settlement Agreement because it is a reasonable

resolution for Plaintiff and does not frustrate the implementation of the FLSA in the workplace.

As a preliminary matter, the Settlement Agreement embodies the Parties' agreement, upon

substantial investigation and arms' length negotiations, being adequately represented by counsel,

to resolve all of Plaintiff's claims against Defendants.  Moreover, while the Settlement

Agreement does contain a limited confidentiality provision, it does not contain a material default

provision which might provide Defendants with the means to retaliate against Plaintiff in the

event of her breach of that provision.  Moreover, a copy of the Settlement Agreement is being

filed on the public docket in recognition of the "strong presumption [that] FLSA settlements

should be available for public view."  See <u>Lyons v. Gerhard's Inc.</u>, 2015 WL 4378514, *3 (E.D.

Pa July 16, 2015).  Furthermore, while the Settlement Agreement does provide for a general

release of Plaintiff's non-wage related claims, "there is nothing inherently unfair about a release

of claims in an FLSA settlement."  See <u>Lola v. Skadden, Arps, Meagher, Slate & Flom LLP</u>,

2016 U.S. Dist. LEXIS 12871, at *4 (S.D.N.Y. Feb. 3, 2016) (approving general release of

claims in FLSA settlement).  Moreover, during the course of the Parties' settlement negotiations,

Plaintiff raised the prospect of additional non-wage-related claims against Defendants and

negotiated for the inclusion of a general release of claims by Defendants.  Accordingly, the

mutual release of claims contained in the Settlement Agreement does not represent employer

overreach, but rather "the fair result of a balanced negotiation, in which Plaintiff [] [was] represented by able counsel." Id.

In sum, because the Settlement Agreement represents a fair and reasonable resolution of a bona fide dispute over FLSA provisions without frustrating the purposes of the FLSA, the Court should approve Plaintiff's Unopposed Motion for Approval of Settlement. See Mabry v. Hildebrandt, 2015 U.S. Dist. LEXIS 112137, at *5 (E.D. Pa. Aug. 24, 2015) (noting that, absent impermissible confidentiality clause, settlement would not frustrate the purposes of the FLSA where settlement agreement provided due compensation for alleged unpaid overtime work and resolution of the claims via trial would be expensive and difficult for plaintiff due to defendants' continued denial of liability).

Accordingly, Plaintiff respectfully requests that the Court find the Settlement Agreement reached between the Parties represents a fair, reasonable, and adequate resolution of Plaintiff's claims against Defendants under the FLSA, and enter an order, substantially in the form attached hereto as Exhibit "C," approving the Settlement Agreement.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: */s/ Michael Groh*
Michael Groh, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
mgroh@phillyemploymentlawyer.com
*Attorney for Plaintiff*

Dated: December 19, 2019