IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELA PALUMBO | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 19-5026 |
| | : | |
| PORCINI INC., *et al.* | : | |

## ORDER

**AND NOW**, this 20th day of December 2019, upon considering the Plaintiff's unopposed Motion to approve a settlement agreement under the Fair Labor Standards Act (ECF Doc. No. 3) with attached Settlement Agreement (ECF Doc. No. 3-2) and having found the Settlement Agreement describing a promise to pay compensation to the Plaintiff (ECF Doc. No. 3-2) in exchange for a general release of statutory rights and possible common law recovery unrelated to wage and hour claims but also permitting a party to seek injunctive relief to preclude disclosure of the terms of the settlement, represents a fair and reasonable settlement of a *bona fide* dispute between the parties under the Fair Labor Standards Act including payment of reasonable attorney fees to Plaintiff's counsel with necessary and limited costs and the Settlement Agreement otherwise furthers the Act's implementation in the workplace, but finding confidentiality is not warranted when the Settlement Agreement is published on the docket (ECF Doc. No. 3-2), and confidentiality is also contrary to the Act's purpose, it is **ORDERED** the parties' joint Motion to approve (ECF Doc. No. 3) is **GRANTED as modified to recognize the waiver of confidentiality and inability to enforce given the public filing**:

1. The Settlement Agreement (ECF Doc. No. 3-2) is **approved** as a fair and reasonable settlement of a *bona fide* dispute;

2. The parties' promises of mutual confidentiality enforceable by court action is waived by the public filing of the settlement agreement and otherwise may not be enforced to penalize a party for breach of the confidentiality promise waived by the parties' required filing of a settlement for our review under the Fair Labor Standards Act[1];

3. The case is **dismissed** with prejudice based on the specific promises in the Settlement Agreement; and,

4. The Clerk of Court shall **close** this case.

_____
KEARNEY, J.

---

[1] Confidentiality in FLSA settlements is generally disfavored, particularly when breach of the confidentiality may allow the employer to retaliate. *Compare Schwartz v. Pennsylvania State University*, No. 15-2176, 2017 WL 1386251, at *5 (M.D. Pa. Apr. 18, 2017) (employer agreed not to retaliate for a breach of confidentiality).